**In re Louis Robert RODRIGUEZ, Debtor.**

**Bankruptcy No. 83 B 05610 J.**

United States Bankruptcy Court, D. Colorado.

April 6, 1984.

Milnor Senior III, Denver, Colo., for debtor.

Charles D. Davis, Denver, Colo., for Trustee.

## ORDER DENYING MOTION TO CONFIRM

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Chapter 13 Trustee's Objection to Confirmation of the Debtor's proposed Plan. The basis of this objection is that the Debtor is the owner of a ⅓ undivided joint interest in a residential property, such ⅓ interest having a value of approximately $15,000.00. The Debtor, in order to protect this interest has claimed the Colorado homestead exemption under §§ 38–41–201 and 202, C.R.S.

The facts are as follows. The property was purchased in 1932 by the Debtor's parents. As a result of a divorce Debtor's mother received title to the entire property in 1971. The Debtor had lived in the property continuously with his mother and sister until he entered military service a few years ago. When he returned from such

service, he again resided in the property for a few months in 1981. Since July, 1981, the Debtor has not resided in the property, however, his mother and sister have continuously resided there to the present time.

On June 6, 1983, the mother deeded the property to herself, the daughter, and the Debtor as joint tenants. The deed was recorded on December 9, 1974.

The Debtor testified that at no time has he contributed anything toward the payment of the mortgage, taxes, insurance, maintenance or utilities for this property, nor did he give any pecuniary consideration for his ⅓ interest. He also testified that he does not, and has not, contributed toward the living expenses of his mother or sister.

Debtor claims that the wording of the Colorado homestead exemption is such that he is entitled to claim such an exemption, even under the above-stated facts. That statute reads as follows:

> 38–41–201. Homestead exemption. Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of twenty thousand dollars in actual cash value in excess of any liens or encumbrances on the homestead property in existence at the time of any levy of execution thereon.

■ While it is true that the Debtor is an owner and the persons occupying the property are his "family", this Court is of the opinion that the Debtor is not entitled to claim this exemption. The intent of the statute is to preserve a right of occupancy for those who stand in the relation of head of the family. *In re Wallace's Estate*, 125 Colo. 584, 246 P.2d 894 (1952). Not all "family" members of an owner who reside in the property will qualify under the statute to trigger its effect. Only those family members who are in some way dependent upon the claimant and look to the claimant to provide living quarters and expenses will meet the requirement. This does not de-

stroy the exemption in this case. The mother and/or sister who reside in the property can still claim this exemption. However, under these facts such exemption is not available to the Debtor.

■ This being the case, the value of the Debtor's interest in the property must be considered as available for distribution to unsecured creditors in a Chapter 7 liquidation. Under these circumstances, the Debtor's plan cannot be confirmed for failure to meet the requirement of 11 U.S.C. § 1325(a)(4). It is, therefore,

ORDERED that the Motion to Confirm is denied. The Debtor shall have ten (10) days to amend his plan, convert to Chapter 7, or dismiss this case, failing which the case will be dismissed without further notice.